**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-25576-BLOOM**

IN RE: APPLICATION
OF HORACIO MEDINA

     Applicant.

_____/

**ORDER ON RESPONDENT'S EXPEDITED URGENT REQUEST FOR
RECONSIDERATION OF PAPERLESS ORDER [ECF NO. 26] DUE TO DOCKETING
LAG AND UNREVIEWED MEDICAL EVIDENCE**

**THIS CAUSE** is before the Court upon Respondent Ivan Freites' ("Respondent")
Expedited Urgent Request for Reconsideration of Paperless Order [ECF No. 26] Due to Docketing
Lag and Unreviewed Medical Evidence, ECF No. [38] ("Motion for Reconsideration").[1] Applicant
filed a Response in Opposition, ECF No. [48]. The Court has reviewed the Motion and related
submissions and is otherwise fully advised. For the reasons that follow, Respondent's Motion for
Reconsideration is denied.

**I.    BACKGROUND**

On February 11, 2026, the Court issued a Paperless Order denying Respondent's Response
to Factual Representations in ECF No. 20, Cross-Motion to Strike Exhibit 6 (False Proof of
Service) and Request for Negative Inference, ECF No. [25] ("Original Motion"). ECF No. [26].

In his Original Motion, Respondent raised objections to a letter Applicant filed—addressed
to Respondent—regarding scheduling of Respondent's deposition, ECF No. [20-6]. ECF No. [25]
at 3. He argued that while the letter was marked as having been sent "Via Certified Mail," he had
not received any certified mail or proof of attempts at having the message sent to him. *Id*. He

---

[1] Though styled as a "request," the Court construes Respondent's filing as a motion and addresses
it accordingly.

requested that the Court order Applicant to file the USPS Certified Mail Tracking Number for the letter. *Id*. In the event that Applicant failed to do so, Respondent requested that the Court draw a negative interference—namely, "that the letter was never mailed." *Id*. Respondent simultaneously moved to strike the letter, arguing that it "purports to establish a deposition date . . . based on a mailing that never occurred." *Id*. at 4.

After the Court's entry of it Paperless Order denying his Original Motion, Respondent filed the Motion for Reconsideration, ECF No. [38]. He argues that the Court's Paperless Order was issued before the Clerk processed his Expedited Motion for Protective Order, ECF No. [27], and Supplemental Evidence, ECF No. [28]. ECF No. [38] at 1. As such, Respondent argues, the Court "ruled without reviewing the verified evidence of Respondent's pre-existing cardiovascular examination scheduled for February 12, 2026, at 4:00 PM." *Id*. Moreover, Respondent argues, the Court did not have before it "Applicant's admission that the notice was 'left at door,' contradicting the 'Certified Mail' representation[.]" *Id.* at 2. He asks the Court to stay his deposition until it can review his evidence. *Id*.

Applicant responds that the Court should deny Respondent's Motion for Reconsideration. ECF No. [48] at 12. He argues that the Motion for Reconsideration is moot, because the deposition date has passed. *Id*. Moreover the Court "has since reviewed the evidence in those filings and rejected the arguments [Respondent] derived from them." *Id.* at 12–13. Even if the Motion for Reconsideration were not moot, Applicant argues it would fail on the merits. The evidence Respondent points to—namely, his confirmation of a cardiovascular appointment and his challenge to FedEx service of a letter—is not "newly discovered." *Id.* at 14. The medical appointment was scheduled in December 2025, well before the Court's February 11, 2026 Paperless Order. *Id*. And even if the evidence was new, Respondent cannot show that it is material

2

or would produce a new result. *Id*. This is because the Court already considered his evidence and found it unpersuasive and not material or outcome changing. *Id.* at 14–15. Finally, Applicant argues that any "docketing lag" is irrelevant since the Court has reviewed and rejected Respondent's position. *Id.* at 15.

## II.     LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita*

*v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III.   DISCUSSION

The Court finds no basis to reconsider its Paperless Order, ECF No. [26]. The motion that the Court denied, ECF No. [25], was very specific in what it challenged and requested. It sought to strike or derive a negative inference from the letter sent to Respondent regarding his deposition, ECF No. [20-6], because that letter indicated it was sent by "certified mail," and Respondent did not believe that to be true. *See generally* ECF No. [25]. Nothing in Respondents' Expedited Motion for Protective Order, ECF No. [27], or Supplemental Evidence, ECF No. [28]—even if both were appropriate for consideration—would change the Court's analysis.

Regarding Respondent's "cardiovascular appointment," ECF No. [38], even if true, it has no bearing on whether the letter to Respondent should be stricken or otherwise challenged on the basis that it was not sent by "certified mail." Where evidence is irrelevant to the issue the Court decided, the evidence provides no basis for reconsideration.[2]

Similarly, whether the letter was delivered to Respondent by certified mail or FedEx is ultimately irrelevant. A letter attempting to reschedule a deposition without Court intervention is not the same as a subpoena, and service of it need not operate pursuant to Federal Rule of Civil Procedure 45. Instead, as with any other paper, Applicant was permitted to serve it on Respondent by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Even if the Court had access to Respondent's assertions regarding service by FedEx at the time it issued its Order, it still would not have found a basis for striking or deriving a negative inference from the letter.

Thus, the Court finds no reason to reconsider its earlier denial of Respondent's Original Motion, ECF No. [25], nor does it find any reason to issue a stay.

---

[2] Moreover, as Applicant points out, the issue is moot, as the date for the would-be deposition—February 12, 2026, ECF No. [20-6] at 1—has since passed.

### IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Respondent's Motion for Reconsideration, **ECF No. [38]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 16, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

Ivan Freites, *Pro Se*
Carrera 4 numero 3037
Torres de Villa Rocio Torre 1 Piso 12, Apt 1201
Pasto-Narino, Columbia